# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA      :

     :

     v.      :

     :    CRIM. NO. 11-571 (KSH)

     :

GEORGE CHEEK      :

     :

     Defendant.      :

---

## BRIEF IN SUPPORT OF DEFENDANT
## GEORGE CHEEK'S PRE-TRIAL MOTIONS

---

MACK & GIL, LLC

60 Park Place, Suite 1104

Newark, NJ 07102

973-624-7800

By: Anthony C. Mack, Esq.

*Attorney for Defendant, George Cheek*

TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

I.      MOTION TO DISMISS ...............................................................................3

        THE INDICTMENT MUST BE DISMISSED IN THE EVENT THAT
        EVIDENCE OR INVESTIGATIVE NOTES WERE DESTROYED. .................3

II.     MOTION FOR BIFURCATION...................................................................3

        BIFURCATION OF THE INDICTMENT IS NECESSARY TO PROTECT
        MR. CHEEK FROM A PREJUDICIAL TRIAL. ...............................................3

III.    MOTIONS FOR DISCOVERY

A.      Motion to Compel the Government to Review the Personnel Files of Law
        Enforcement Officers or Individuals Acting under Color of Authority
        Involved in the Case. ...................................................................................5

        B.      Motion To Compel Government To Preserve And Produce Rough Notes.  6

        C.      Motion To Compel Timely Production Of All *Jencks* Act Material. ..............7

        D.      Motion Incorporating Government's Continuing Obligation To Produce
                Exculpatory Evidence, As Set Forth In Order For Discovery And
                Inspection. ....................................................................................8

TABLE OF CONTENTS

IV.    MOTION REGARDING RULE 404(b) EVIDENCE

       MR. CHEEK REQUESTS THE DISCLOSURE OF ANY EVIDENCE THE
       GOVERNMENT SEEKS TO INTRODUCE PURSUANT TO FED. R. EVID.
       404(b). ........................................................................................................9

V.     MOTION FOR PERMISSION TO FILE ADDITIONAL MOTIONS

       MR. CHEEK SHOULD BE PERMITTED TO FILE ADDITIONAL MOTIONS AS
       THE NEED ARISES.......................................................................................11

CONCLUSION...............................................................................................12

CERTIFICATE OF SERVICE ........................................................................13

iii

## PRELIMINARY STATEMENT

A one-count indictment charging George Cheek with violating 18 U.S.C. § 922(g)(1), unlawful possession of a firearm by a felon, was filed on August 3, 2011. Mr. Cheek now submits this memorandum of law in support of his pretrial motions.

Mr. Cheek respectfully submits that the resolution of these motions is necessary to ensure a fair trial.[1] Specifically, Mr. Cheek seeks the entry of an Order (1) dismissing the indictment in the event evidence or investigative notes were destroyed; (2) bifurcating the testimony of Mr. Cheek's prior conviction(s) from testimony of the unlawful possession of a firearm; and (3) precluding certain testimony. Mr. Cheek also seeks an order requiring the government to: (1) to review the personnel files of law enforcement officers, or individuals acting under color of authority, involved in the case; (2) to preserve and produce all rough notes created by any and all law enforcement agencies and government witnesses in the course of

---

[1]    Mr. Cheek reserves his right to supplement this motion to obtain an evidentiary hearing to suppress the firearm.

1

the investigation leading to the indictment; (3) to dismiss the indictment in the event that evidence or investigative notes were destroyed; (4) to produce all Jencks Act materials; (5) to produce exculpatory evidence in accordance with the Court's standing Order for Discovery and Inspection; and (6) to disclose any evidence it intends to seek to introduce pursuant to FED. R. EVID. 404(b).  Finally, he seeks the entry of an Order permitting him to file additional pretrial motions as they become necessary.

Oral argument is requested.

I.   MOTION TO DISMISS

THE INDICTMENT MUST BE DISMISSED IN THE EVENT THAT EVIDENCE OR INVESTIGATIVE NOTES WERE DESTROYED.

If evidence has been lost or destroyed in bad faith, the indictment should be dismissed.

Arizona v. Youngblood, 488 U.S. 51 (1988); California v. Trombetta, 467 U.S. 479 (1984); United States v. Cooper, 983 F.2d 928 (9th Cir. 1993).   Alternatively, the Court may consider other less drastic sanctions including suppression of secondary evidence or testimony or any other just and equitable remedy.

II.   MOTION FOR BIFURCATION

BIFURCATION OF TESTIMONY AT TRIAL IS NECESSARY TO PROTECT MR. CHEEK FROM A PREJUDICIAL TRIAL.

In its' case-in-chief, the government seeks to offer evidence to the jury that Mr. Cheek is a previously convicted felon.   Such evidence would substantially prejudice Mr. Cheek's right to a fair trial regarding the sole count in the indictment.   No curative instruction could un-ring

3

the bell that the impermissible inferences would create.    In short, the jury may infer that Mr.

Cheek is a bad person and that he must be guilty of the crime in the indictment simply because

he has a prior conviction(s). At a minimum, this Court should strictly protect against the potential

for jury confusion or improper inferences.

Mr. Cheek asks this court to bifurcate the indictment.    Such an approach was approved

in *United States v. Joshua*, 976 f.2d 844 (3d Cir. 1992).    There, the defendant unsuccessfully

moved to sever the felon in possession count from the other counts in the indictment.    *Id.* at

846.    Despite the government acquiescing to the defendant's request, the district court denied

the motion but bifurcated the felon in possession count.    *Id.*    After the jury deliberated and

reached a verdict on the other counts, they next heard evidence regarding the defendant's prior

convictions.    *Id.*    On appeal, the Third Circuit concluded that the procedure adopted by the

district court . . . str[uck] an appropriate balance between the concern about prejudice to the

defendant and consideration of judicial economy.    *Id.* at 848.

Thus, it is respectfully requested that allegations in the indictment be bifurcated.

4

III.   MOTIONS FOR DISCOVERY

A.   Motion to Compel the Government to Review the Personnel Files of Law Enforcement Officers or Individuals Acting under Color of Authority Involved in the Case.

Mr. Cheek requests that the government be ordered to review the personnel files of law enforcement officers or individuals acting under color of authority who participate in this case and disclose any information that may be helpful to the defense. *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). To the extent that the government is uncertain about the materiality of information within its possession, it should submit the information to the Court for an in camera inspection and evaluation. *Id.*

The defense is not seeking to have this request apply to all law enforcement officers or individuals acting under color of authority who were associated with this case. Rather, only those individuals who were actively involved in the case should be subject to this request. This is not a case where the government will be overburdened by a general defense request to review personnel files of all government witnesses. It is therefore proper to order the government to

5

comply with this request. *See United States v. Kiszewski*, 877 F.2d 210, 215-16 (2d Cir. 1989).

**B.      Motion To Compel Government To Preserve And Produce Rough Notes.**

Mr. Cheek seeks the entry of an Order requiring that any notes prepared by investigators involved in this case, whether made during or immediately following the interrogation of government witnesses be preserved and disclosed pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and the *Jencks Act*, 18 U.S.C. ' 3500.

In *United States v. Vella*, 562 F.2d 275 (3d Cir. 1977), the court held:

> The rough interview notes of FBI agents should be kept and produced so that the trial court can determine whether the notes should be made available to the applicant under the rule of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 11 L.Ed.2d 215 (1963), or the "Jencks Act" ....

562 F.2d at 276; *See also United States v. Ammar*, 714 F.2d 238 (3d Cir. 1983) (following the holding in *Vella*); *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994) (same). It is therefore clear that the government should advise all law enforcement agencies involved in this

6

action to retain, preserve and produce all rough notes for subsequent disclosure to the defense.

C.    Motion To Compel Timely Production Of All *Jencks* Act Material.

In the interests of judicial efficiency and economy, the government should provide early disclosure of *Jencks* materials. The government must retain rough notes and reports of its witnesses since the failure to preserve that evidence can constitute grounds for reversal. *See Government of Virgin Islands v. Testamark*, 570 F.2d 1162, 1165-66 (3d Cir. 1978) (discussing duty to preserve evidence generally). While the government does not generally have a duty to disclose the rough notes and reports of one of its witnesses until that witness testifies, 18 U.S.C. § 3500; *see Higgs*, 713 F.2d 39, 44 (3d Cir. 1983), *cert. denied*, 464 U.S. 1048 (1984), the trial court is empowered to control discovery and thus may order the government to disclose *Jencks* materials before trial.

7

D.    Motion Incorporating Government's Continuing Obligation To Produce

Exculpatory Evidence, As Set Forth In Order For Discovery And Inspection.

In the Court's Order for Discovery and Inspection, it was required, *inter alia*, that the government permit defense counsel to inspect, copy or photograph any exculpatory evidence within the purview of *Brady v. Maryland*, 373 U.S. 83 (1963), and provided that the government's duty is a continuing one.  For the sake of brevity, Mr. Cheek will not reiterate the government's obligations under *Brady*, but seeks merely to incorporate those obligations and to preserve his right to challenge the government's refusal to provide any such evidence. In addition, he notes that he has requested the disclosure of material from the government, and he reserves his right to move to compel disclosure in the event the government fails to comply with his requests.

8

## IV.    MOTION REGARDING RULE 404(b) EVIDENCE

Mr. Cheek Requests The Disclosure Of Any Evidence The Government Seeks To Introduce Pursuant To Fed. R. Evid. 404(b).

The government may attempt to introduce other crimes evidence in its' case in chief pursuant to FED.R.EVID. 404(b).[2]  This rule generally prohibits the admission into evidence of extrinsic acts intended to prove a defendant's propensity for crime or to suggest to the jury unfavorable inferences reflecting on his character." *United States v. Scarfo*, 850 F.2d 1015, 1018 (3d Cir.), *cert. denied,* 488 U.S. 910 (1988).  However, if offered for a proper purpose, evidence of other crimes or wrongs is admissible, "subject only to the ordinary limitations under Rules 402 and 403." *Id.* at 1019.  Therefore, other crime evidence will be admissible if four

---

[2]  FED.R.EVID. 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

9

conditions are satisfied. *See id.*

First, the other crimes evidence must have a proper purpose.

Second, the proffered evidence must be relevant. Third, its

probative value must outweigh its potential for unfair prejudice.

Fourth, the court must charge the jury to consider the other crimes

evidence only for the limited purpose for which it is admitted.

*Id.* (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988)).

In order to prepare for trial, Mr. Cheek requests that the government specify what Rule

404(b) evidence it anticipates introducing at trial and that the court then conduct a hearing and

rule on the admissibility of that evidence.

## V.    MOTION FOR PERMISSION TO FILE ADDITIONAL MOTIONS

MR. CHEEK SHOULD BE PERMITTED TO FILE ADDITIONAL MOTIONS AS

THE NEED ARISES.

Due to the nature of the instant case and the legal issues that may arise as the result

of defense investigation and continuing discovery, Mr. Cheek anticipates that it may become

necessary to file additional motions, and he requests that, in the interest of fundamental

fairness, he be permitted to do so until the date set for trial.  He will, of course, notify the

government of his intention to file any motions as soon as it becomes apparent that a motion

is necessary.

11

<u>CONCLUSION</u>

For the foregoing reasons, Mr. Cheek respectfully requests that his requests for relief

be granted.

DATED this 14st day of September, 2012.

Respectfully submitted,

s/ Anthony C. Mack

_____

ANTHONY C. MACK, ESQ.

Mack & Gil, Esq.

Attorney for Defendant

George Cheek

12

## CERTIFICATE OF SERVICE

I, Anthony C. Mack, Counsel for defendant George Cheek, hereby certify that a copy

of the attached Notice of Motions, Memorandum of Law in Support of Pretrial Motions, and

Certification of Service, thereof was served, electronically, upon Assistant United States

Attorney, Adam Subervi, at the United States Attorney's Office, 972 Broad Street, 7th Floor,

Newark, New Jersey.

s/ Anthony C. Mack, Esq.

_____

ANTHONY C. MACK, ESQ.

DATED: September 14, 2012

13