PROB 12C
(4/19)

# United States District Court

## for

## District of New Jersey

## Petition for Warrant or Summons for Offender under Supervision

**Name of Offender:** George Cheek     **Docket Number:** 11-00571-001
**PACTS Number:** 62340

**Name of Sentencing Judicial Officer:**   THE HONORABLE KATHARINE S. HAYDEN
SENIOR UNITED STATES DISTRICT JUDGE

**Date of Original Sentence:** 03/19/2013

**Original Offense:**   Count One: Felon in Possession of a Firearm, 18:922(G)(1)

**Original Sentence:** 70 months imprisonment, 3 years supervised release

**Special Conditions:** Special Assessment, Substance Abuse Testing, Drug Treatment

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** 11/10/2016

**Assistant U.S. Attorney:** Adam N. Subervi, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, (973) 645-2700

**Defense Attorney:** Anthony Mack, Esq, 10260 Park Place, Newark, New Jersey, 07102, (973) 624-7800

## PETITIONING THE COURT

☑  To issue a warrant
☐  To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | The offender has violated the standard supervision condition which states **'The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.'**<br><br>On Friday, November 1, 2019, the probation officer conducted a scheduled home visit at Cheek's address of record in Bellmawr, New Jersey.  On this date, the offender was directed to report to the probation office on Monday, November 4, 2019, to provide a urine sample. The offender was also told to report this date and provide proof he had addressed open warrants concerning his failure to appear on motor vehicle violations in Lumberton, New Jersey. The offender failed to report as directed. |

2    The offender has violated the standard supervision condition which states **'The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.'**

On March 14, 2019, the offender was issued tickets for Driving While Suspended and Driving While Using a Handheld Wireless Device by the Lumberton, New Jersey Police Department. Mr. Cheek failed to notify the probation office of police contact.

3    The offender has violated the special supervision condition which states **'You shall refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and the use of alcohol, and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you shall submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged by the Court. You shall alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug. The Probation Officer shall supervise your compliance with this condition.'**

On November 14, 2016, Mr. Cheek submitted a urine specimen to the probation office that tested presumptive positive for marijuana. The offender signed an Admission of Use form indicating he smoked marijuana on November 12, 2016. In addition, the urine specimen was forwarded to the laboratory for confirmation under B03400786 and proved positive for marijuana.

On November 1, 2019, during a scheduled home contact, Mr. Cheek advised that he smoked marijuana the previous date. He candidly advised he has been stressed for months and marijuana use eases his anxiety. Mr. Cheek was directed to report to the probation office on Monday, November 4, 2019, and was told he will be subject to urine testing. In addition, Cheek agreed to sign an Admission of Use form, admitting to recent use of marijuana. As noted in violation Number 1, the offender failed to report for urinalysis as directed.

4    The offender has violated the standard supervision condition which states **'You shall not operate any motor vehicle without a valid driver's license issued by the State of New Jersey, or in the state in which you are supervised. You must comply with all motor vehicle laws and ordinances and must report all motor vehicle infractions (including any court appearances) within 72 hours to the U.S. Probation Office.**

On March 14, 2019, Mr. Cheek was issued tickets by a Lumberton, New Jersey, police officer for Driving While Suspended and Driving While Using a Handheld Wireless Device. Furthermore, Mr. Cheek missed his court appearance for the tickets on May 14, 2019, and warrants were issued on June 3, 2019.

On November 1, 2019, Mr. Cheek was advised of the open warrants and directed to address them on Monday, November 4, 2019, prior to reporting to the probation office. The undersigned advised the offender he cannot expect supervision to conclude as scheduled with open warrants. Cheek advised he understood and indicated his willingness to address the warrants as directed. To date, Cheek has not addressed the warrants.

The offender has violated the standard supervision condition which states **'You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. '**

On October 30, 2019, the undersigned contacted Mr. Cheek by telephone. The undersigned requested his location in an effort to establish contact with him at his home prior to the conclusion of supervision on November 8, 2019. The offender refused to provide his location; however, he maintained he was in Fort Lee, New Jersey. The probation officer directed Mr. Cheek to obtain a photo of himself in front of the Ft. Lee Post Office to substantiate he was still in the State of New Jersey. The offender failed to comply with this directive.

On November 1, 2019, the undersigned officer directed the offender to contact the Lumberton Municipal Court regarding two warrants issued on June 3, 2019. The probation officer directed Cheek address the warrants no later than Monday, November 4, 2019. However, he failed to do so. The warrants remain active to date.

The offender has violated the standard supervision condition which states **'The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment. '**

Reportedly, the offender was fired from his job in July 2019, and failed to notify the probation officer he was not working. The offender is collecting unemployment benefits. According to Mr. Cheek, he hired an attorney to represent him regarding his contention that he was wrongfully dismissed from his position at Solstice Counseling, Pemberton, New Jersey.

I declare under penalty of perjury that the foregoing is true and correct.

*Sharon A. O'Brien*
By:  Sharon A. O'Brien
        Supervising U.S. Probation Officer
Date:  11/07/2019

Prob 12C – page 4
George Cheek

THE COURT ORDERS:

X The Issuance of a Warrant (as recommended by the Probation Office)
☐ The Issuance of a Summons. Date of Hearing: _____.
☐ No Action
☐ Other

_____ USDJ
Signature of Judicial Officer

Nov 7, 2019
_____
Date